IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Patrick Studley; NJS, *Minor, a minor by and through their father and guardian Patrick Studley parental natural guardian*; BCS, *Minor, a minor by and through their father and guardian Patrick Studley parental natural guardian*; CGS, *Minor, a minor by and through their father and guardian Patrick Studley parental natural guardian*, | ) ) ) ) ) ) ) ) ) | C/A No. 3:16-439-JMC-PJG |
| | ) | |
| Plaintiffs, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| v. | ) | |
| | ) | |
| Joey Watford; Heather Studley; Richland County Sheriff's Department, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

The plaintiffs, Patrick Studley, NJS, BCS, and CGS, proceeding *pro se*, bring this action alleging they were damaged by defendants' false statements in a state criminal court proceeding, in violation of their constitutional rights. (ECF Nos. 1 at 3-5; 4 at 1.) The Complaint has been filed pursuant to 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.[1]

---

[1] This case was filed by Plaintiff Patrick Studley on behalf of himself and his minor children, and thus far, has proceeded *pro se*. However, the United States Court of Appeals for the Fourth Circuit has held that non-attorney parents generally may not litigate the claims of their minor children in federal court. Myers v. Loudoun Cnty. Pub. Schs., 418 F.3d 395, 401 (4th Cir. 2005).



## I.     Factual and Procedural Background

Plaintiff Patrick Studley ("Studley") claims that in his bond hearing for unspecified criminal charges, Defendant Watford, his father-in-law, lied about being a victim of Studley's criminal acts in order to ensure that Studley's wife, Defendant Heather Studley, would win custody of their children. (ECF No. 1 at 3-4.) Studley alleges that upon his release from custody, he was informed by the Richland County Sheriff's Office that Watford was not a victim, and he was only listed as a victim because of the numerous complaints Watford made against him. (Id. at 4.)

Studley claims Watford also told the judge what schools his children attended in an attempt to prevent him from exercising his custodial rights. (Id.) Studley also claims Heather lied to the bond court judge when she asked for a "no contact" order against him, and she broke South Carolina law by filing a fraudulent police report. (Id.) Studley asserts that while he was in custody for the criminal charges, Heather's family attempted to brainwash the children into thinking Studley was "unduly influencing them against their mother" and that he would be incarcerated for an extended period of time. (Id.)

Studley claims his rights were violated and he and his children suffered emotional pain. (Id. at 4-5.) He additionally alleges the Richland County Sheriff's Office is liable for "adding Mr. Watford as a victim in a case where he was not." (Id. at 4.) Studley requests "an injunction to stop this behavior from happening again" and compensatory and punitive damages. (Id. at 5.)

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. This court is required to liberally construe pro se complaints. Erickson v.



Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.    Analysis**

**1.    Claims Against Defendants Joey Watford and Heather Studley**

Studley claims the defendants "purposely and willfully violated the constitutional rights of the Plaintiffs as well as their civil rights." (ECF No. 4 at 1.)  Therefore, the court construes Studley's

Complaint as a civil rights action pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). To the extent Studley alleges Defendants Watford and Heather Studley are liable under § 1983, these defendants are private individuals who are not amenable to suit. See Am. Mfrs. Ins. Co. v. Sullivan, 562 U.S. 40, 50 (1999) (providing that the under-color-of-state-law element of § 1983 does not contemplate "merely private conduct") (citing Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)). Moreover, Studley failed to allege any facts demonstrating these defendants acted jointly with the State or as an agent of the State. See Dennis v. Sparks, 449 U.S. 24, 27-28 (1980) ("Private persons, jointly engaged with state officials in the challenged action, are acting [] 'under color' of law for purposes of § 1983 actions."). Therefore, Studley's § 1983 claim is subject to summary dismissal as to Defendants Watford and Heather Studley.

To the extent Studley's Complaint can be construed to raise state law tort claims against Defendants Watford and Heather Studley, the court should decline to exercise supplemental jurisdiction over those claims, as there is no independent basis for federal jurisdiction. 28 U.S.C. § 1367(c)(3) (permitting the court to decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction").

### 2.     Claims Against Richland County Sheriff's Office

Studley alleges the Richland County Sheriff's Office is liable for "adding Mr. Watford as a victim in a case where he was not." (ECF No. 1 at 4.) The court construes this allegation as a claim that the sheriff's office is liable under § 1983 for arresting Studley without probable cause, in violation of the Fourth Amendment. See Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002) (recognizing that a plaintiff alleging a § 1983 false arrest claim needs to show that the officer arrested him without probable cause to establish an unreasonable seizure under the Fourth Amendment); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001) (stating that claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment").

To the extent Studley seeks to name the Richland County Sheriff's Office in a § 1983 claim, the court finds the sheriff's office is not a "person" amenable to suit under the statute, whether Studley's use of the term "office" refers to the physical building and location of the sheriff's department or the staff and collection of officials it houses. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Brooks v. Pembroke City Jail, 722 F. Supp. 1294 (E.D.N.C. 1989) (finding a city jail was not a "person" under § 1983 that is amendable to suit); see also Shadoan v. Florence Cty. Det. Ctr. Med. Dep't, C/A No. 8:12-2908, 2013 WL 6408347, at *2 (D.S.C. Dec. 6, 2013) ("Additionally, use of the term 'staff,' 'department,' or the equivalent as a name for alleged defendants, is not adequate to state a claim against a 'person' as required in § 1983 actions.") (citing Harden v. Green, 27 F. App'x 173 (4th Cir. 2001)). Further, to the extent Studley seeks to name the sheriff and his staff, those defendants would be immune from suit in their official capacities under the Eleventh Amendment. See Gulledge v. Smart, 691 F. Supp. 947 (D.S.C. 1988); aff'd, 878 F.2d



379 (4th Cir. 1989) (finding the District Court correctly held that a South Carolina sheriff and his deputies are state actors immune from suit under the Eleventh Amendment).

Moreover, even if Studley named a state-actor defendant in his individual capacity, he failed to allege facts that tend to show a plausible claim of false arrest under the Fourth Amendment. See Iqbal, 556 U.S. at 129. "Probable cause to justify an arrest arises when 'facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.' " Porterfield v. Lott, 156 F.3d 563, 569 (4th Cir. 1998) (quoting Michigan v. DeFillippo, 443 U.S. 31, 37 (1979)). It requires more than bare suspicion, but less than evidence necessary to convict. Porterfield, 156 F.3d at 569. Moreover, the determination of whether probable cause exists is reviewed under the totality of the circumstances. See Illinois v. Gates, 462 U.S. 213, 238 (1983); Taylor v. Waters 81 F.3d 429, 434 (4th Cir. 1996).

Studley alleges the Richland County Sheriff's Office only named Watford as a victim based on Watford's numerous complaints against him. However, a victim's reliable statement generally provides probable cause. See Torchinsky v. Siwinski, 942 F.2d 257, 262 (4th Cir. 1991) ("It is surely reasonable for a police officer to base his belief in probable cause on a victim's reliable identification of his attacker. Indeed, it is difficult to imagine how a police officer could obtain better evidence of probable cause than an identification by name of assailants provided by a victim, unless, perchance, the officer were to witness the crime himself." (citations omitted)); McKinney v. Richland Cty. Sheriff's Dep't, 431 F.3d 415, 418 (4th Cir. 2005). Because Studley failed to allege any facts showing the Richland County Sheriff's Office had reasons to doubt Watford's reliability, he failed to allege facts that would support a finding that the sheriff's office lacked probable cause



to arrest him.  Therefore, to the extent Studley seeks to name the Richland County Sheriff's Office in a § 1983 claim, the claim is subject to summary dismissal.

**III.   Conclusion**

Based on the foregoing, the court recommends Studley's Complaint be summarily dismissed without prejudice and without issuance and service of process.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 15, 2016
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).